Robert J. Chauvin, Esq. Informal Opinion Town Attorney No. 96-12 Town of Halfmoon P.O. Box 1258 Clifton Park, N Y 12065
Dear Mr. Chauvin:
You have asked whether a person may serve simultaneously as member of the town board and also as a laborer in the highway department or as deputy superintendent of highways.
The town board may at any time establish the office of deputy superintendent of highways. Town Law § 32(2). The deputy superintendent of highways is appointed by and serves at the pleasure of the town superintendent of highways. Id.The town superintendent of highways, within the limits of appropriations and subject to the approval of the town board, may employ persons necessary for the maintenance and repair of town highways and bridges and for the removal of obstructions caused by snow, and is responsible for the supervision of these persons. Highway Law § 140(4).
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v. Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status readily identifiable. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
In our view, simultaneous service as a member of the town board and as the deputy highway superintendent or as a laborer in the highway department is incompatible. As a member of the town board, this individual would have a direct interest in the budget of the highway department. The highway department budget would determine not only his own salary as the deputy superintendent of highways or as a laborer in the department but also the salary of his colleagues in the department. Further, in that the superintendent of highways is the supervisor of the deputy and of the laborer, these individuals as members of the town board may not be able to act impartially with respect to the highway budget, presented by the superintendent of highways. Also, the superintendent of highways may be unable to supervise impartially the deputy or laborer, realizing that these individuals serve on the town board and have control over the town highway budget.
Since the highway budget is a significant portion of the overall town budget and, therefore, to a large degree affects the allocation of resources among all town departments, recusal from voting on the town highway budget is not an appropriate solution. Recusal is an inappropriate remedy where a conflict is inevitable and substantial.
We conclude that a person may not serve simultaneously on the town board and also as the deputy superintendent of highways or as a laborer in the highway department.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Attorney General in Charge of Opinions